UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 22-54-DLB-EBA

EMMA COLEMAN                                                                                    PLAINTIFF

v.                           **MEMORANDUM OPINION AND ORDER**

WAL-MART STORES EAST, LP., et al.                                              DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon several motions: (1) Defendants' Joint Motion to Strike (Doc. # 36); (2) Defendant Wal-Mart Stores East, LP's ("Wal-Mart") Motion for Summary Judgment (Doc. # 38); (3) Defendant C & C Doors, LLC's ("C&C") Motion for Summary Judgment (Doc. # 40); and (4) Defendant Stanley Access Technologies LLC's ("Stanley") Motion for Summary Judgment (Doc. # 42).  The Motions have been fully briefed by the parties and are ripe for the Court's review.  For the reasons stated below, the Court will **grant** the Motions.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from injuries Plaintiff Emma Coleman allegedly sustained on August 17, 2021 while visiting a Wal-Mart store in South Williamson, Kentucky.  (Doc. # 1-1 ¶¶ 5-6).  Coleman alleges that when she attempted to enter the store through its automatic doors, the doors "inappropriately closed on her, striking [her] and causing her to be thrown to the ground where she sustained severe injuries."  (*Id*. ¶ 6).  Defendant Wal-Mart owns and operates the store at issue.  (*Id*. ¶ 10).  Defendant Stanley manufactured certain of the doors' components and contracted with Defendant C&C to

1

provide biannual maintenance on the doors. (Doc. # 38-1 at 3). Coleman alleges that Wal-Mart failed to adequately maintain the premises, Stanley allowed the doors "to operate in a dangerous and unsafe condition," and C&C "failed to maintain and/or service the automatic doors." (Doc. # 1-1 ¶¶ 10, 13, 16). According to Coleman, Defendants' acts or omissions were each the direct and proximate cause of her injuries. (*Id*. ¶¶ 11, 14, 17).

On March 23, 2022, Coleman filed suit in Pike Circuit Court asserting a negligence claim against each Defendant. (Doc. # 1 ¶ 1; Doc. # 1-1 ¶¶ 9-17). On June 9, 2022, Defendant Stanley filed a Notice of Removal with this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1 ¶ 6). All other defendants consented to the removal. (Doc. # 1 ¶ 12).

Pursuant to the Scheduling Order issued in this matter, Coleman's and Defendants' expert witness disclosures were respectively due on or before February 14, 2023 and April 14, 2023. (Doc. # 12 ¶ 4). Coleman did not disclose the identity of her expert witnesses before February 14, 2023, nor did she timely file any notices of such disclosures on the docket. On March 23, 2023, Coleman filed a Motion to Extend the Discovery Deadline and New Property Inspection Date ("Motion to Extend") (Doc. # 28). Defendants filed a Joint Response (Doc. # 29), and on April 19, 2023, Magistrate Judge Edward B. Atkins convened a telephonic conference. (*See* Doc. # 31). After Coleman's counsel failed to appear at the conference, Judge Atkins denied the Motion to Extend. (*See id*.). On April 14, 2023, Defendants served Coleman with their expert witness disclosures. (*See* Docs. # 30 and 36-1).

On June 9, 2023, Coleman filed a Motion for Leave to File Late Expert Disclosures ("Motion for Leave"). (Doc. # 35). Coleman also filed notices that she served Defendants with her expert witness disclosures on June 9, 2023. (Docs. # 32, 33, and 34). On September 27, 2023, Judge Atkins issued an Order denying the Motion for Leave. (Doc. # 53). Judge Atkins determined that Coleman's late disclosures were not "substantially justified" or "harmless" to merit her requested relief. (*Id*. at 2-5).

On June 16, 2023, Defendants filed their Joint Motion to Strike which also served as a Response to the Motion for Leave. (Doc. # 36). Defendants request that the Court strike as untimely Docket Entries 32, 33, and 34, which are Coleman's notices of expert witness disclosure. (*See id*.). Coleman submitted a Response (Doc. # 47), and Defendants submitted their Joint Reply (Doc. # 51).

Also on June 16, 2023, Defendants filed their Motions for Summary Judgment. (Docs. # 38, 40, and 42). Defendants each argue that they are entitled to judgment as a matter of law on Coleman's claims because she failed to properly disclose necessary expert witnesses. (*See id*.). Coleman filed a Response (Doc. # 48), Defendants each filed Replies (Docs. # 49, 50, and 52), and the Motions—including the Joint Motion to Strike (Doc. # 36)—are now ripe for review.

II.   **ANALYSIS**

  A.   **Standard of Review**

Defendants have each moved for summary judgment on Coleman's claims. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the

3

evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"The moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. It must produce evidence showing that a genuine factual issue remains. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record as a whole, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

Federal courts apply the substantive law of the forum state in diversity actions. *See City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994)). Therefore, Kentucky substantive law will apply to Coleman's claims.

4

**B.     Analysis**

Defendants jointly move for an order striking Coleman's notices of expert witness disclosure and separately move for summary judgment. For organizational purposes, the Court will address the Joint Motion to Strike (Doc. # 36) before turning to the Motions for Summary Judgment (Docs. # 38, 40, and 42).

*1.     Joint Motion to Strike*

"Rule 26(a) [of the Federal Rules of Civil Procedure] requires that a party make expert disclosures at the time and in the sequence that the court orders." *Hinkle v. Ford Motor Co.*, Civil Action No. 3: 11-24-DCR, 2013 WL 1992834, at *3 (E.D. Ky. May 13, 2013) (citing Fed. R. Civ. P. 26(a)(2)(D)). If a party fails to timely disclose the identity of a witness, then the party may not rely on that witness to supply evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Indeed, "Rule 37(c)(1) *mandates* that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." *Sexton v. Uniroyal Chemical Co., Inc.*, 62 F. App'x 615, 616 n.1 (6th Cir. 2003) (emphasis added); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

Coleman did not disclose the identity of her expert witnesses until June 9, 2023, which was nearly four months after her February 14, 2023 deadline to do so had expired. Accordingly, the Court must exclude Coleman's expert witnesses and their testimony unless Coleman's failure to timely disclose the experts was substantially justified or

5

harmless. In assessing whether a late disclosure was substantially justified or harmless, courts in the Sixth Circuit consider the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). The Sixth Circuit has recognized that—

> District courts have broad discretion in applying [the *Howe* factors] and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating honest, harmless mistakes from the type of underhanded gamesmanship that warrants the harsh remedy of exclusion.

*Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks omitted).

At the outset, the Court notes that Judge Atkins already addressed the *Howe* factors in the context of Coleman's Motion for Leave. (*See* Doc. # 53 at 2-5). Judge Atkins concluded that Coleman's failure to timely disclose her expert witnesses was not substantially justified or harmless and accordingly denied her Motion for Leave. (Doc. # 53 at 2-5). Although the Court is not constrained by Judge Atkins' prior determination, *see Avendt v. Covidien Inc.*, 314 F.R.D. 547, 555 (E.D. Mich. 2016), Coleman offers no reason for the Court to depart from it. Indeed, Coleman raises substantially identical arguments in opposition to the Joint Motion to Strike that she raised in support of her Motion for Leave. (*See* Docs. # 35 and 47). In these circumstances, the Court presumes that it need not separately address the *Howe* factors to grant the Joint Motion to Strike.

6

Regardless, Coleman's failure to timely disclose her experts was neither substantially justified nor harmless under the Court's own assessment of the *Howe* factors.

As to the first *Howe* factor, Coleman argues that Defendants should not have been surprised by her late disclosures because her allegations involve "the technical, mechanical, and medical issues of a person whose medical injury [resulted] . . . from a malfunctioning door." (Doc. # 47 at 2). Coleman also alleges that "Defendants themselves have been late with their disclosures." (*Id.*). However, even if Defendants should have expected Coleman to disclose expert witnesses *at some point* in the case, Coleman does not explain why Defendants should have anticipated such disclosures to be made *almost four months* after Coleman's deadline for doing so had already expired. Moreover, there is no indication that Defendants "knew, or could have known, what [Coleman's expert witnesses] would say," making the surprise to Defendants "obvious." *Abrams v. Nucor Steel Marion*, Inc., 694 F. App'x 974, 982 (6th Cir. 2017). And contrary to Coleman's assertions, Defendants timely made their expert witness disclosures in accordance with the Scheduling Order. (*See* Docs. # 30 and 36-1). Thus, the first *Howe* factor weighs against Coleman.

Regarding the second and third *Howe* factors, Coleman argues that her late disclosures could be cured by allowing "limited discovery for purposes of rebuttal," and that a limited reopening of discovery would not disrupt the trial in this case. (Doc. # 47 at 3). However, the fact that curing the surprise to Defendants would require the reopening of discovery counsels against a finding of substantial justification or harmless. *See Jackson v. Transp. Corp. of Am., Inc.*, Case No. 1:21-cv-01325-PAB, 2023 WL 3058158, at *7 (N.D. Ohio Apri. 24, 2023). And although a trial date has not yet been set in this

7

matter, permitting the late disclosure of Coleman's expert witnesses "would inevitably disrupt the case schedule and delay an eventual trial." *See id*. at *7 n.2. Thus, the second *Howe* factor weighs against Coleman and the third *Howe* factor only "slightly favors" Coleman, *see id*.

As to the fourth *Howe* factor, Coleman argues that the disclosures are important insofar as expert testimony is required to prove the necessary elements of her claims. (Doc. # 47 at 3). Although the Court agrees with Coleman that her expert disclosures are important, "[t]his, in a sense, cuts both ways." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017). Indeed, "[t]he more important the proof, the greater the effect of preclusion, but also the greater harm in tardy disclosure." *Id*. (collecting cases). Moreover, the importance of evidence cannot, by itself, save the evidence's improper disclosure from being found unjustified or non-harmful. *Id*. Thus, the fourth *Howe* factor weighs in no party's favor.

Concerning the fifth and final *Howe* factor, Coleman argues that she was unable to "timely disclose her experts due to receiving transcripts of depositions well after the deadline had passed for expert disclosures." (Doc. # 47 at 3-4). However, the depositions were each held *after* Coleman's deadline to disclose her expert witnesses had already expired. (*See* Doc. # 35 ¶ 4). Thus, the Court cannot see how the timing of Coleman's receipt of transcripts caused her to miss her expert disclosure deadline. Apart from vague references to the "experts' schedules" and her own "continuing treatment," Coleman does not explain why she waited until after her expert disclosures were due to schedule the depositions at issue. (*See* Doc. # 47 at 4). Moreover, Coleman does not explain why she could not have timely disclosed her experts and, if necessary, supplemented the

8

disclosures thereafter in accordance with Rule 26 of the Federal Rules of Civil Procedure. Coleman also fails to explain why she did not move for an extension of her expert witness disclosure deadline before it expired. Thus, the fifth *Howe* factor weighs against Coleman.

In summary, three of the factors lean in Defendants' favor, one leans slightly in Coleman's favor, and one leans in no party's favor. Based on the above, the Court finds that Coleman's failure to timely disclosure her expert witnesses was not substantially justified or harmless. Thus, the Court will **grant** the Joint Motion to Strike, **exclude** Coleman's expert witnesses under Rule 37(c)(1), and **strike** Docket Entries 32, 33, and 34.

### *2.   Motions for Summary Judgment*

Defendants each move for entry of summary judgment in their favor as to Coleman's negligence claims. (Docs. # 38, 40, and 42). Under Kentucky law, a plaintiff asserting a negligence claim must prove "(1) [that] the defendant owed the plaintiff a duty of care, (2) [that] the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). "The absence of any one of the three elements is fatal to the claim." *M & T Chems., Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. App. 1974).

Defendants argue that without expert testimony, Coleman cannot establish what, if any, standard of care applies and whether it was breached. (*See* Docs. # 38-1, 40-1, and 42-1). In support, Defendants each cite to *Snider v. Wal-Mart Stores, Inc.* in which the U.S. District Court for the Western District of Kentucky held that "the technical nature of an automatic door is beyond the understanding of a lay juror." Civil Action No. 1:14-

9

CV-00097-GNS-HBB, 2016 WL 319878, at *4 (W.D. Ky. Jan. 26, 2016). "Experts are often required in complex cases in which a jury will not understand, through common knowledge or experience, the intricacies involved in the negligence claim." *Caniff v. CSX Transp., Inc.*, 438 S.W.3d 368, 374 (Ky. 2014).

Coleman does not contest whether expert testimony is required. Indeed, she expressly "***recognizes and concedes*** that she was both late in disclosing experts and that ***expert testimony is necessary to prove a genuine issue of material fact in this matter***." (Doc. # 48 at 3) (emphasis added). In her Response, Coleman again argues that her failure to timely disclose her expert witnesses was substantially justified and harmless under the *Howe* factors. (*Id.* at 3-6). In so doing, Coleman raises substantially identical arguments as she did in support of her Motion for Leave and in opposition to the Joint Motion to Strike. (*See id.*; Docs. # 35 and 37). However, Judge Atkins and this Court have already addressed these arguments and concluded that Coleman's failure to timely disclose her expert witnesses was not substantially justified or harmless.

Based on *Snider* and Coleman's concessions, the Court concludes that expert testimony is necessary for Coleman to establish her negligence claims. However, as discussed above, Coleman failed to timely disclose her experts, and the Court has held that any testimony from these experts is excluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure. Because Coleman has failed to make a showing sufficient to establish the existence of elements essential to her case, on which she will bear the burden of proof at trial, Defendants are entitled to summary judgment. *See Portnoy v. Nat'l Credit Sys., Inc.*, 837 F. App'x 364, 367 (6th Cir. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.  CONCLUSION

Having considered the parties' arguments, the Court will **grant** the Motions. Accordingly, it is **ORDERED** that:

(1) Defendants' Joint Motion to Strike (Doc. # 36) is **GRANTED**. Docket Entries 32, 33, and 34 are hereby **STRICKEN**;

(2) Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment (Doc. # 38) is **GRANTED**;

(3) Defendant C & C Doors, LLC's Motion for Summary Judgment (Doc. # 40) is **GRANTED**;

(4) Defendant Stanley Access Technologies' Motion for Summary Judgment (Doc. # 42) is **GRANTED**;

(5) This matter is **STRICKEN** from the Court's active docket; and

(6) A Judgment in favor of Defendants will be entered contemporaneously herewith.

This 30th day of October, 2023.



Signed By:
*David L. Bunning*    *DB*
**United States District Judge**

K:\DATA\ORDERS\PikeCivil\2022\22-54 MOO re MSJs.docx